5262.

(Court of Appeal, Parish of Orleans.)

## ALBERT BRANDIN vs. JOHN BEOUBAY, ET AL.

1. According to Section 70 of the Bankruptcy Act of 1898, the trustee of the estate of a bankrupt, upon his appointment and qualification, is vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt.
2. The service of the attested account on the owner by the material man constituted the seizure, and, as it was not made until two days after the adjudication, there then existed no adverse claim to the fund, under Section 23 of the Bankruptcy Act, as amended.
3. The Sub-contractors and material men under Article 2775 Revised Civil Code, take under and not beyond the contract, and, if the original contract be not recorded, there is no privilege on the building.

Appeal from the First City Court, Division "A."

Legier and Gleason, J. J. Ritayik, for plaintiff and appellant.

C. F. Starkey, for defendant and appellee.

DUFOUR, J.—This is a suit for $86.81 by a material man against the contractor and the owner of a building for the value of material used in its construction.

The contract was for $725, and was not in writing or recorded in the mortgage office. The contractor filed a voluntary petition in bankruptcy on November 12, 1910, and on the same day, was adjudged a bankrupt; a trustee was elected, took oath and duly qualified.

On November 14, 1910, the material man served an attested account on the owner, who, at the time of such service, owed the contractor a balance of $175, on the building contract.

On November 25, 1910, this suit was filed, and the present appeal is from a judgment of the City Court declining to take jurisdiction in the premises.

According to Section 70 of the Bankruptcy Act of 1898, the trustee of the estate of a bankrupt, upon his appointment and qualification, is vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt.

At the time the adjudication in bankruptcy took place, the fund was due by the owner to the contractor and it was surrendered as such by him to his creditors.

The service of the attested account constitute the seizure, and, as it was not made until two days after the adjudication, there then existed no adverse claim to the fund under Section 23 of the Bankruptcy Act as amended.

It follows that the money is held by the owner until it is demanded of him by the trustee and that such claims as the material man may have under the statutory seizure must be litigated in the Federal Court which was first vested with the custody of the property.

As the original contract was not recorded, there is no privilege in favor of the material man on the building affecting the owner alone and of which the State court might take jurisdiction; the matter is governed by Article 2775 Revised Civil Code and not by Act 134 of 1906. (2nd. Court of Appeal 174), under the circumstances, the authorities cited as to conflicting liens are inapplicable, and the lower court properly declined jurisdiction

Judgment affirmed.